IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-506-FL

| | |
|---|---|
| PHIL DURITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| PRECISION WALLS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on pro se plaintiff's motion for entry of default. (DE 7). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

Plaintiff, with the assistance of attorney Valerie Bennett Queen ("Queen"), commenced this action in Wake County Superior Court on October 7, 2019. Plaintiff alleges that defendant refused to pay him wages owed and terminated him based on his age and his race, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., the Age Discrimination and Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 et seq., and the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-241.

Process was purportedly served on October 21, 2019, by a person identifying herself as plaintiff's counsel, who dropped off papers with an Employee Support Specialist at the front desk

of defendant's offices, along with a direction to give the papers to "management." Defendant removed the case to this court on November 12, 2019.

After filing notice of self-representation in this court at Queen's direction, plaintiff filed the instant motion for default. On March 24, 2020, in another proceeding before this court, Queen was referred to the North Carolina State Bar for failure to comply with the court's orders.

## COURT'S DISCUSSION

Under Rule 55(a), entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). However, effective service of process on a defendant must be accomplished as a prerequisite for entry of default against that defendant. See, e.g., Silva v. City of Madison, 69 F.3d 1368, 1376 (7th Cir. 1995); Zeviar v. Local No. 2747, Airline, Aerospace & Allied Employees, IBT, 733 F.2d 556, 558 n.3 (8th Cir. 1984).

Plaintiff asserts that service was perfected on October 21, 2019, prior to defendant removing the case to this court. (See Mot. for Default (DE 7) at 1). Accordingly, the court looks to the North Carolina Rules of Civil Procedure to determine if service was properly perfected. After filing an action in state court, "[t]he complaint and summons shall be delivered to some proper person for service. In this State, such proper person shall be the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons." N.C. Gen. Stat. § 1A-1, Rule 4(a). "Service must generally be carried out by the sheriff of the county where service is to occur." B. Kelley Enterprises, Inc. v. Vitacost.com, Inc., 211 N.C. App. 592, 598 (2011); see Smith v. Starnes, 317 N.C. 613, 619 (1986). "While the clerk of the issuing court may appoint an alternative person to carry out service, that '[c]lerk is not required or authorized to appoint a private process server as long as the sheriff is not careless in executing process.'" B.

Kelley Enterprises, 211 N.C. App. at 598 (quoting Williams v. Williams, 113 N.C. App. 226, 229–30 (1994) aff'd, 339 N.C. 608 (1995)); see N.C. Gen. Stat. § 1A-1, Rule 4(h).

In N. Carolina State Bar v. Hunter, the North Carolina Court of Appeals found that defendant failed to act with reasonable diligence on behalf of her client regarding service of process. 217 N.C. App. 216, 224 (2011). Applying the rule from B. Kelley Enterprises, the court held "there is no evidence indicating the Wake County Clerk of Court appointed the process server Ms. Hunter used in the Amini matter, nor is there any evidence that such an appointment would have been justified by neglect of the sheriff, especially when there is no indication Ms. Hunter ever contacted the sheriff to effect service."[1] Id.

This case is analogous to Hunter. Plaintiff offers no evidence that his then attorney, Queen, ever contacted the Wake County sheriff to effect service in accordance with Rules 4(a) and 4(h) of the North Carolina Rules of Civil Procedure. There is no evidence that the sheriff neglected to serve process, or that the clerk of Wake County Superior Court ever appointed Queen to serve process. Plaintiff merely presents evidence that process was "delivered." (Mot. for Default (DE 7) at 1). Defendant clarifies that process was served on October 21, 2019, by a person identifying herself as plaintiff's counsel, who dropped off papers with an Employee Support Specialist at defendant's offices in Cary, along with a direction to give the papers to "management." (Def. Resp. (DE 8) at 1; see Summons (DE 1-2) at 2 (identifying defendant's office address as a North Carolina address)). Plaintiff fails to show that process was delivered to a proper person for service. Accordingly, plaintiff's motion for default is denied.

Having determined plaintiff has failed to perfect service of process, the court turns to

---

[1] The North Carolina Court of Appeals has applied the rule articulated in B. Kelley Enterprises in other cases as well. See, e.g., Stewart v. Shipley, 825 S.E.2d 684, 686 (N.C. Ct. App.), rev. denied, 828 S.E.2d 156 (N.C. 2019); Locklear v. Cummings, 253 N.C. App. 457, 465 (2017), rev'd on other grounds, 371 N.C. 354 (2018).

3

whether plaintiff should be given additional time to perfect service. "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Rule 4(m) . . . permits a district court to enlarge the time for service even if there is no good cause shown." Henderson v. United States, 517 U.S. 654, 658 n.5 (1996) (internal citations omitted). On its own initiative, the court extends the deadline for plaintiff to perfect service, owing to plaintiff's pro se status and the lack of competence demonstrated by plaintiff's counsel in the state court proceeding.[2]

## CONCLUSION

Based on the foregoing, plaintiff's motion for entry of default (DE 7) is DENIED. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the court EXTENDS the deadline for service of process on its own initiative. Plaintiff is ORDERED to perfect service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure not later than June 24, 2020. Plaintiff is WARNED that failure to timely perfect service of process will result in DISMISSAL of this action WITHOUT PREJUDICE.

SO ORDERED, this the 26th day of March, 2020.

                                                       _____
                                                       LOUISE W. FLANAGAN
                                                       United States District Judge

---

[2] Such incompetence may well constitute good cause for plaintiff's delay, in which case an extension of time to perfect service is not only permitted by required. Fed. R. Civ. P. 4(m).