IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-506-FL

| PHIL DURITY, | ) |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PRECISION WALLS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on defendant's motion to dismiss for lack of personal jurisdiction and insufficient service of process, pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. (DE 20). Plaintiff responded in opposition to the motion, and the time for reply has expired. The issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted.

**BACKGROUND**

Plaintiff commenced this action in Wake County Superior Court on October 7, 2019, asserting claims under the Age Discrimination in Employment Act of 1967("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the North Carolina Retaliatory Employment Discrimination Act ("REDA"). On October 21, 2019, a person purporting to be plaintiff's attorney delivered process to an employee support specialist at the front desk of defendant's offices, with direction to give the papers to "management." Defendant removed the action to this court on November 12, 2019.

Subsequently, plaintiff was abandoned by his attorney, and elected to proceed pro se in the instant matter. On January 30, 2020, plaintiff moved for entry of default, asserting that defendant failed to timely respond to the complaint. The court denied the motion, finding plaintiff had failed to perfect service of process in the instant case and extending the deadline for service of process an additional 90 days. The court warned plaintiff that failure to timely perfect service of process may result in dismissal of his claims without prejudice. Plaintiff was allowed additional time to perfect service through July 8, 2020, after the court updated plaintiff's address of record. Plaintiff submitted affidavit of service from the Wake County sheriff's office on July 13, 2020, purporting to show that service was perfected as to defendant on June 25, 2020.

On July 15, 2020, defendant filed the instant motion to dismiss. In support of the motion, defendant submits the declaration of Kent Allen ("Allen"), defendant's vice-president, who testifies that on July 25, 2020, the deputy sheriff handed him a package and took his name. Allen attests to the contents of the package he received, which solely contained plaintiff's complaint.

## COURT'S DISCUSSION

A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993)("[T]he district court must draw

all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(5). "When the process gives the defendant actual notice of the pendency of the action, the rules ... are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process properly has been served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs, 2 F.3d at 60 (holding the plaintiff must prove service of process if challenged).

B.   Analysis

"A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).  Here, defendant has presented uncontroverted evidence that, on June 25, 2020, plaintiff attempted service with only his complaint.  (Allen Decl (DE 22) ¶ 5; Service Package (DE 22-1) at 1–5).  Despite generous extension of time by the court, service has not timely been perfected.  Thus, the court lacks personal jurisdiction over defendant due to insufficient service of process.  As plaintiff has already been warned to effect service of process in compliance with the rules, his complaint shall be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 20) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for insufficient service of process. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of September, 2020.

LOUISE W. FLANAGAN
United States District Judge